IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MATRIX FINANCIAL SERVICES CORPORATION,** | § § § | |
| Plaintiff, | § § | Civil Action No. 6:23-cv-261-ADA-DTG |
| v. | § § | |
| **DANIEL HERNANDEZ, VALERIE HERNANDEZ CAWTHORN, and PATRICK HERNANDEZ,** | § § § § | |
| Defendants. | § | |

## MOTION FOR FINAL DEFAULT JUDGMENT AND BRIEF IN SUPPORT THEREOF

Plaintiff Matrix Financial Services Corporation ("Matrix Financial" or Plaintiff") files this, its *Motion for Final Default Judgment and Brief in Support thereof*, and respectfully shows as follows:

### I. BACKGROUND

1. Plaintiff filed its *Original Complaint* ("Complaint") against Defendants Daniel Hernandez, Valerie Hernandez Cawthorn, and Patrick Hernandez ("Defendants") on April 6, 2023 (ECF Docket No. 1.)

2. Defendant Patrick Hernandez was served on April 11, 2023, via personal service at 1006 Algeria Road, Austin, Texas 78757. (ECF Document No. 5.) His answer or response to the Original Complaint was due on or before May 2, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

3. Defendant Valerie Hernandez Cawthorn was served on April 10, 2023, via personal service at 703 Tropicana Court, Friendswood, Texas 77544. (ECF Document No. 6.) Her answer or response to the Original Complaint was due on or before May 1, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

4.   Defendant Daniel Hernandez was served on June 16, 2023, via personal service at 8700 Brodie Lane, Apt. 1011, Austin, Texas 78745. (ECF Document No. 7.) His answer or response to the Original Complaint was due on or before July 7, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

5.   Defendants have not answered or otherwise appeared in this action.

6.   The Clerk of the Court entered default against Defendants on July 25, 2023. (ECF Document Nos. 11, 12. 13.)

7.   Defendants are not in active-duty military status. Defendants are not infants (under age 21) or incompetent persons. *See* Exhibit A-1.

8.   Plaintiff is entitled to an entry of default as to Defendants because they did not answer or otherwise defend the Original Complaint.

9.   Plaintiff now asks the Court to render default judgment against Defendants.

## II.   LEGAL STANDARD

10.   Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

## III.   ARGUMENT AND AUTHORITIES

11.   The Court should render a default judgment against Defendants because they did not file a responsive pleading or otherwise defend the claims against them. Such default constitutes an admission by Defendants on all allegations in the Original Complaint. The facts asserted in the

Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendants have admitted the well-pleaded factual allegations therein and are "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

12. With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

13. Plaintiff does not seek monetary damages against Defendants, but instead seeks declaratory judgment that Plaintiff as the owner and holder of the Note, and beneficiary of the Security Instrument, it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 315 Skyview Circle, Troy, Texas 76759, and more particularly described as:

> LOT FOURTEEN (14), OF SKYVIEW ADDITION, 1ST EXTENSION, IN THE CITY OF TROY, BELL COUNTY, TEXAS, ACCORDING TO THE PLAT OF RECORD IN CABINET A, SLIDE 23-B, PLAT RECORDS OF BELL COUNTY, TEXAS.

(The "Property"). Therefore, no hearing is necessary to establish Plaintiff's damages.

14. In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas

law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

15. The Complaint alleges that on or about June 17, 2019, Decedent Richard Hernandez, Jr. ("Borrower") executed a *Note in* the principal amount of $61,000.00 ("Note"), bearing interest at the rate of 5.000% per annum, originally payable to Fairway Independent Mortgage Corporation as lender on a loan secured by the Property. [*See* ECF Docket No. 1 at ¶ 15].

16. Concurrently with the execution of the Note, Borrower executed a *Deed of Trust* (the "Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for Fairway Independent Mortgage Corporation, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in Real Property Records of Bell County, Texas, as Instrument No. 2019-26114 on June 18, 2019. [*See* ECF Docket No. 1 at ¶ 16]. Plaintiff further alleges that it is the current holder of the blank endorsed Note with standing to enforce the terms of the Security Instrument. [*See* ECF Docket No. 1 at ¶ 18].

17. Decedent passed away on December 8, 2021 [See ECF Docket No. 1 at ¶ 19.] Upon information and belief, no probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, Defendants as heirs, acquired an interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff. [*See* ECF Docket No. 1 at ¶ 19].

18. The Loan Agreement is currently due for the October 1, 2022 payment and all subsequent monthly payments. [*See* ECF Docket No. 1 at ¶ 22]. A *Notice of Default and Intent to*

*Accelerate* ("Notice of Default") was provided in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. [*See* ECF Docket No. 1 at ¶ 22]. As a result, the maturity of the debt was accelerated on March 20, 2023 [*See* ECF Docket No. 1 at ¶ 23]. Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's non-judicial foreclosure claim.

19.   Plaintiff requested reasonable and necessary attorney's fees against Defendants based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by the Borrower. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendants, but as a further obligation owed by the Borrower under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a final default judgment against Defendants on all claims asserted against them in Plaintiff's Original Complaint, and award Plaintiff the following relief:

a.   Judgment against Defendants for court costs;

b.   Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c.   Judgment declaring that Plaintiff is the owner and holder of the Note with standing to enforce the Security Instrument;

d.   Judgment against Defendants declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b)

prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e. Judgment against Defendants declaring that Plaintiff, its successors and assigns, may proceed with non-judicial foreclosure of the Property pursuant to the Security Instrument and the Texas Property Code; and

f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
Texas Bar No. 24129029
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 3, 2023, a copy of the above and foregoing document was served on the following Defendants in the manner described below:

**VIA CMRR#9314 7699 0430 0110 5545 99 and U.S. Mail:**
Daniel Hernandez
8700 Brodie Lane, Apt. 1011
Austin, Texas 78745

**VIA CMRR#9314 7699 0430 0110 5548 65 and U.S. Mail:**
Patrick Hernandez
1006 Algeria Road
Austin, Texas 78757

**VIA CMRR#9314 7699 0430 0110 5549 33 and U.S. Mail:**
Valerie Hernandez Cawthorn
703 Tropicana Court
Friendswood, Texas 77546

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**