IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MATRIX FINANCIAL SERVICES CORPORATION, § § § | |
| Plaintiff, § | Civil Action No. 6:23-cv-261-ADA |
| § | |
| v. § | |
| § | |
| DANIEL HERNANDEZ, VALERIE HERNANDEZ CAWTHORN, and PATRICK HERNANDEZ, § § § § | |
| § | |
| Defendants. § | |

## FINAL DEFAULT JUDGMENT

Came on to be considered the above-entitled and numbered cause wherein Matrix Financial Services Corporation ("Matrix Financial" or Plaintiff"), its successors and assigns is the Plaintiff and Daniel Hernandez, Valerie Hernandez Cawthorn, and Patrick Hernandez are the Defendants ("Defendants"). Defendants, although having been duly and legally summoned to appear and answer, failed to appear and answer, and wholly made default on Plaintiff's claims against them.

**I.**

Plaintiff's Original Complaint ("Complaint") was served upon Defendants according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendants. The Court further finds that Plaintiff does not seek monetary damages against Defendants, but instead seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore, in light of Defendants' default and the nature of Plaintiff's claims against them, the Court **ORDERS** as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Original Complaint be and are deemed admitted as to Defendants.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Note* in the principal amount of $61,000.00 ("Note"), executed by Decedent Richard Hernandez ("Borrower").

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that certain *Deed of Trust* executed by the Borrower (the "Security Instrument" and together with the Note, "Loan Agreement"), recorded in the Real Property Records of Bell County, Texas, as Instrument No. 2019-26114, provides that Plaintiff as the current owner of the Note and mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a lien security interest on that certain real property commonly known as 315 Skyview Circle, Troy, Texas 76759 (the "Property"), and more particularly described as follows:

> LOT FOURTEEN (14), OF SKYVIEW ADDITION, 1ST EXTENSION, IN THE CITY OF TROY, BELL COUNTY, TEXAS, ACCORDING TO THE PLAT OF RECORD IN CABINET A, SLIDE 23-B, PLAT RECORDS OF BELL COUNTY, TEXAS.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current legal owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff is also a mortgagee as that as that term is defined in section 51.0001(4) of the Texas Property Code.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Interest on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest at the Note interest rate of 5.000%; post-judgment interest at the Note interest rate of 5.000%; and costs of court.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff or its successors or assigns, may proceed with non-judicial foreclosure of Defendants' interest in the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, should Plaintiff proceed with foreclosure on the Property then, the purchaser at the foreclosure sale will be vested with all of Defendants' interest, rights, and title in the Property.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendants, and all third parties reasonably necessary to conduct the foreclosure sale.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all costs and fees are a further obligation of the debt owed by the deceased obligor to be added to the balance of the debt and collected against the Property, and are not a personal judgment against Defendants.

**IT IS FINALLY ORDERED, ADJUDGED AND DECREED** that this is a final default judgment that fully and finally resolves all claims and all parties and is a final and appealable judgment.

**SIGNED** this 10th day of March, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE